### Ex Parte G. W. Tummins.

*Decided May 6.*

1. **Local Option in Towns.**—While it is true that the local option law (Revised Statutes, article 3229) declares, that local option may be adopted by the qualified voters of any town, *held*, that it clearly means an incorporated town, with fixed and defined limits.

2. **Same.**—A town in this State which has never been incorporated, has no legally defined boundaries, and there is no way of ascertaining who would be qualified voters at any local option election held therefor.

Appeal from the County Court of Parker. Tried below before Hon. A. J. Hood, Jr., County Judge.

All the essential facts, with the nature and character of the case, are sufficiently stated in the opinion of the court.

*Kidd & Boyle* and *McCall & Moseley*, for appellant.—Under the Constitution and laws of this State, only a local subdivision of the State, created and defined in some manner according to law, could or can lawfully hold an election prohibiting the sale of intoxicating liquors within its limits; and the word town, as used in the local option statute, means a certain kind of local subdivision that has been created according to law, to-wit, an incorporated community or town. Rev. Stats., arts. 507–514, 3227; Amdt. to Const., Acts 22d Leg., p. 196; Water. on Corp., 123, sec. 33.

Our contention on this point is, that the word town, as used in the first section of the local option statute, necessarily means an incorporated town. We contend that the evidence, as far as negative evidence can possibly show, establishes that the community of Springtown has never been incorporated. To contend that the order of the county judge, entered in May, 1884, ordering the election, is sufficient, is in the face and

teeth of the statute.  No user of the corporation was shown; and even if a user had been shown, no corporation has ever been or can be created within these United States, except by law.  Nor will a grant be presumed, except upon long user, and upon a showing that the record containing the grants had probably been lost or destroyed.  The records in this case, where the grant should have been contained, have been preserved entire and intact; and even if it had been shown that they had been destroyed in whole or in part, and a user had been shown, the time of possible user (eight or nine years) is entirely too short.  A grant under such circumstances, according to the books, would never be presumed on so short a time.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was indicted for a violation of the local option law within the limits of the town of Springtown, in Parker County, and was arrested under a warrant charging him with said offense, and sued out a writ of habeas corpus before the Hon. A. J. Hood, Jr., county judge of Parker County, alleging, that he was illegally restrained of his liberty, for the reason there was no local option law in force in Springtown; that the said pretended election was wholly void, because of various grounds set forth in the petition.  The case was duly heard by the county judge, who refused the prayer of the petitioner, and remanded him to the custody of the sheriff of Parker County, and relator thereupon appealed to this court.

It is only necessary to consider one of the grounds set up, to-wit, that the County Commissioners Court had no authority to order the election for local option in Springtown, because said town was not incorporated, and had no defined limits.  On the hearing of this cause, relator proved, that on the 2nd day of May, 1884, thirty-four citizens residing within the proposed limits of Springtown filed an application in the office of the county judge of Parker County, praying for an election for incorporation, and an election was ordered to be held on May 24, 1884, and it directed one Ackard to hold the election.  So far as is shown by the record, nothing more was done in the case.  Ackard testified, he did not hold the election, but was absent in Jack County, and did not know that an election was held.  It was further shown that there was no entry made by the county judge on the minutes of the Commissioners Court, or record of the entry on the deed record, as required by article 514, Revised Statutes, as the prerequisite of the incorporation.  We think, in the absence of any showing by the State, that Springtown was not an incorporated town.  Rev. Stats., arts. 506–515.

It is true that the local option law (article 3229) declares that local option may be adopted by the qualified voters of any town, but we think

it clearly means an incorporated town, with its fixed and defined limits. Under article 3229, Revised Statutes, the County Commissioners Court could order elections only in counties, justice precincts, cities, and towns. It could not order a local option election in any area less than a justice precinct, unless it was a town or city; that is to say, it was restricted to areas whose geographical limits or boundaries were already legally defined and designated. A town in this State, which has never been incorporated, has not legally defined boundaries, and there is no way of ascertaining who would be qualified voters at any local option election. The law declares that only those voters who reside within the limits of the town can vote (Revised Statutes, article 3229), and notice of the election is to be posted at five places within the proposed limits. Rev. Stats., art. 3230. Our conclusion is, that Springtown, so far as shown by the record, having never been incorporated, and its limits defined by law, there was no local option law in force at said place, and no grounds shown for detaining the relator in custody. The order of the county judge is reversed, and the relator dismissed from custody.

*Reversed and dismissed.*

Judges all present and concurring.